IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY S. PHILPOTT,

        Plaintiff,                    No. CIV S-09-1773 MCE KJM P

    vs.

R. WILLIAMS,

        Defendant.               FINDINGS AND RECOMMENDATIONS

                       /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 24, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1         In order to avoid dismissal for failure to state a claim a complaint must contain
2 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
3 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
4 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
6 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
7 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
8 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
9 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
10 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
11 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
12 Rhodes, 416 U.S. 232, 236 (1974).

13         Plaintiff fails to identify any cognizable claims against defendant nor does he
14 point to any facts constituting a cognizable claim.  Plaintiff seems to take issue with the fact that
15 he has been classified as an inmate who has committed a sex offense and, because of this,
16 defendant should have "asked [plaintiff[ of [his] safety concerns."  Plaintiff also suggests that
17 defendant's inaction led to plaintiff's being stabbed, or failed to protect him from being stabbed.
18 Am. Compl. at 7.  However, plaintiff fails to point to anything suggesting defendant caused
19 plaintiff to be stabbed.  Furthermore, the allegations made by plaintiff simply do not amount to
20 the "cruel and unusual punishment" forbidden by the Eighth Amendment or any other cognizable
21 claim.

22         On November 9, 2009, the court provided plaintiff with advice as to how to state
23 a cognizable claim.  Despite the court's order, plaintiff still does not state a cognizable claim.  It
24 appears plaintiff cannot state a cognizable claim, thereby warranting dismissal of this action.

25         In accordance with the above, IT IS HEREBY RECOMMENDED that this action
26 be dismissed.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3   one days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7   F.2d 1153 (9th Cir. 1991).

DATED:  May 11, 2010.

_____
U.S. MAGISTRATE JUDGE

1
phil1773.dis